## John Huback, Appellee, v. Wabash Railroad Company and Illinois Terminal Railroad Company, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed July 28, 1914. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by John Huback against the Wabash Railroad Company and Illinois Terminal Railroad Company, to recover for personal injuries received by plaintiff while in the employ of defendants as a brakeman. The facts showed that plaintiff was a brakeman on a train operated jointly by the defendants; that on a certain trip on the road defendants required the train to run backward with the coaches in front of the engine and that at such times it was the duty of plaintiff to ride on the foremost platform of the first coach and to sound an air whistle as a warning when the train approached a street crossing and to apply the air brakes when required; that on the occasion of the injury in question plaintiff was thus on the platform of the first coach of the train and when the train approached a street crossing plaintiff noticed a team and wagon being driven upon said crossing and attempted to stop the train by applying the air brake, but the brake failed to work properly and the train struck the team and wagon with

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

great force causing plaintiff to be thrown to the ground and injured.

The negligence averred is that defendant failed to provide a sufficient air brake and in allowing it to remain in defective condition, in that the piston in each of the brakes upon the coaches had too much travel, namely, ten inches of travel, when the piston should have not to exceed six inches of travel in order that the brakes could be set by means of a lever with sufficient quickness to stop the train in such emergencies.

A plea of the general issue was filed. The jury returned a verdict in favor of plaintiff for seventy-five hundred dollars. To reverse a judgment entered on the verdict, defendants appeal.

WARNOCK, WILLIAMSON & BURROUGHS, for appellants.

GEERS & GEERS, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 687*—*when recovery by brakeman for injuries resulting from defective air brake sustained by the evidence.* In an action by a brakeman to recover for personal injuries received by him in a collision between defendants' train and a team and wagon at a street crossing alleged to have been caused by defendants' negligence in permitting the air brake to remain out of repair so that plaintiff could not operate it to avert the collision, *held* under the evidence whether or not the brakes were defective and whether such defect was the cause of the injury were questions for the jury and that verdict for plaintiff was sustained by the evidence.

2. MASTER AND SERVANT, § 572*—*burden of proof.* In an action by a brakeman to recover for injuries resulting from a defective air brake, the burden is on the plaintiff to prove by a preponderance of the evidence the existence of some defect in the construction or operation of the air brake, and that the plaintiff did not know of

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Huback v. Wabash Railroad Co. et al., 188 Ill. App. 345.

such defect and did not have equal opportunities with defendants of knowing of it.

3. NEGLIGENCE, § 125*—*necessity of alleging and proving due care of plaintiff.* In an action for personal injuries the plaintiff must allege and prove that he was free from contributory negligence.

4. MASTER AND SERVANT, § 452*—*when servant chargeable with knowledge of defective appliance.* To charge a servant with negligence he must not only know or have the means of knowing by the exercise of ordinary care of the defect, but must also know that the defect renders the appliance unsafe to use, and he is not bound to make an inspection for latent defects.

5. MASTER AND SERVANT, § 685*—*proof of servant's want of knowledge of defects in appliances.* Where a servant's want of knowledge of defects in appliances is not susceptible of direct proof it may be inferred from circumstances and the servant may be aided by the presumption that a person does not voluntarily incur danger or the risk of death.

6. MASTER AND SERVANT, § 457*—*duty of servant to discover defects.* A servant is under no primary liability to investigate for latent defects to test the fitness and safety of the place, fixtures or appliances provided him by the master; he may assume that they are fit and safe, though the circumstances may be such that a servant is chargeable with knowledge of such defects as are patent and obvious and of such defects as in the exercise of ordinary care he ought to have knowledge of, and he is not deemed to have notice or knowledge of such defects and insufficiencies as can be ascertained only by investigation and inspection for the purpose of ascertaining that there is no danger.

7. MASTER AND SERVANT, § 120*—*duty of master to keep appliances in safe condition.* While there is no absolute duty upon the master to keep appliances in safe condition there is a duty to use reasonable care to keep them fit, and this duty may require inspection at reasonable intervals and the employment of such tests as will reveal the condition of the machinery or appliances.

8. MASTER AND SERVANT, § 161*—*duty to inspct appliances.* The master's duty of inspection rests upon the employer and not upon the employee and depends upon the character of the machinery or appliances, since ordinary care may require an inspectiion oftener in one case than in another.

9. MASTER AND SERVANT, § 302*—*risks assumed by servant.* While an employee assumes such risk of his employment as is usually incident thereto and of the extraordinary hazards of which he has notice, or which in the usual exercise of his faculties he ought to have notice, he does not take the risk or dangers known to the

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

master which can be avoided by him in the exercise of reasonable care; he assumes the risk more or less hazardous of the service of which he is engaged, but he has a right to presume that all proper attention shall be given to his safety and that he shall not be carelessly and needlessly exposed to risks not necessarily resulting from his occupation, and preventable by ordinary care and precaution on the part of his employer.

10. MASTER AND SERVANT, § 685*—*proof of notice to master of defective condition of appliances.* Notice to the employer of a defective condition of appliances may not be capable of direct proof and is not required; such notice may be proven by facts and circumstances which the master has notice of or an opportunity to have knowledge of which is not open to the servant.

11. NEW TRIAL, § 125*—*when denial of motion for not an abuse of discretion.* Overruling of a motion for new trial on the ground of newly-discovered evidence, *held* not an abuse of discretion where there was no showing of proper diligence and the evidence would have been cumulative.